Lisa G. Salisbury, Esq. SBN 172353
**SALISBURY LAW GROUP**
A Professional Law Corporation
1600 Dove Street, Suite 107
Newport Beach, Ca 92660
(949) 251-4600
(949) 251-4604
lsalisbury@slg.tc

Attorneys for Plaintiff
Donald C. Spence



# UNITED STATES BANKRUPTCY COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Mitchell Leonard Shiffman, Debtor. | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** |
| Donald C. Spence, | Case No. 8:09-bk-16590-ES |
| Plaintiff, | Chapter 7 |
| vs. | Adv. Proc. No. _____ |
| Mitchell Leonard Shiffman, | (Hearing date to be set by summons) |
| Defendant. | |

Donald C. Spence, Plaintiff herein, (hereinafter "Plaintiff") alleges:

1. This is an adversary proceeding to determine dischargeability of a debt.

2. This adversary proceeding is brought in connection with Defendant Mitchell Leonard Shiffman's, (hereinafter "Defendant") Bankruptcy case, no.: 8:09-bk-16590-ES, under Chapter 7 of Title 11 of the United States Code, now pending in this court. This court has jurisdiction over this proceeding under Title 11 of the United States Code, Section 523(c) and Title 28 of the United States Code, Sections 157(b) and 1334. This adversary proceeding is a "core proceeding" as provided in Title 11 of the United States Code, Section 157(b)(2)(I).

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**
Page 1 of 3

3. Defendant, is an individual and seeks discharge herein under Title 11 of the United States Code, Section 727.

4. Plaintiff brought suit against Defendant and additional named defendants in Orange County Superior Court on November 30, 2007, case no. 07CC12486 for 1) Breach of Oral Contract; 2) Breach of Written Contract; 3) Fraud and Intentional Deceit; 4) Negligent Misrepresentation; 5) Money Lent; and 6) Monday had and received. A true and correct copy of Plaintiff's Civil Court Complaint is attached hereto and incorporated herein as Exhibit "A". In or about August 2003, Plaintiff, Defendant and another named defendant, Shaun J. Carpenter (hereinafter "defendant Carpenter") had a meeting for the purpose of forming a partnership with the intent to start a security alarm dealership, to sell and install alarm systems. Thereafter, Plaintiff loaned money to Defendant and to defendant Carpenter, and Plaintiff also purchased shares of sock in Defendant and defendant Carpenter's company Pacific Sentry Services, Inc (hereinafter "PSS"). Defendant and defendant Carpenter failed to re-pay the loans to Plaintiff in full and failed to perform as promised with respect to the issuance of stock, and Plaintiff brought the above-referenced civil court action. Defendant Carpenter filed Chapter 7 bankruptcy on the eve of trial, which operated as an automatic stay of the civil court action. Defendant lists Plaintiff as an unsecured creditor on his bankruptcy petition stating that he was a Guarantor for debt in the amount of $150,000.00.

5. The debt of Defendant to Plaintiff for this conversion is nondischargeable under Section 523(a)(2)(A) of Title 11 of the United States Code. Plaintiff believes that Defendant procured the loans and allocation of stock through fraud and misrepresentation. When Plaintiff made efforts to collect the outstanding balance of the loan and assert his right as a shareholder, Plaintiff learned that Defendant and defendant Carpenter surreptitiously opened another corporation, American Security Alarms (hereinafter "ASA") in Florida; registered ASA to do business in the state of California and other various states; transferred all alarm system clients to ASA; kept the same employees and California business address for PSS; did not transfer Plaintiff's shares from PSS to ASA, as promised for what appears to be a scheme to deprive Plaintiff of his rights.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

1. This Court make a determination that the indebtedness of Defendant to Plaintiff is nondischargeable;
2. That this court determine the remaining issues and render a judgment for Plaintiff for the amount of its debt;
3. For interest and costs; and
4. For such other and further relief as to the court seems proper.

Dated: October 7, 2009

THE SALISBURY LAW GROUP

By: /s/ Lisa G. Salisbury
Lisa G. Salisbury, Esq.
Attorneys for Plaintiff
Donald C. Spence

Exhibit "A"

SALISBURY LAW GROUP
Lisa G. Salisbury SBN 172353
A Professional Law Corporation
1600 Dove Street, Suite 107
Newport Beach, CA 92660
Tel: (949) 251-4600
Fax:(949) 251-4604

Attorney for PLAINTIFF, Donald C. Spence

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

NOV 3 0 2007

ALAN SLATER, Clerk of the Court
BY E. VELOZ

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

ORANGE COUNTY

CENTRAL JUSTICE CENTER

| | |
|---|---|
| DONALD C. SPENCE, an individual<br><br>Plaintiff<br><br>v.<br><br>SHAUN J. CARPENTER, an individual; MITCHELL L. SHIFFMAN, a individual; PACIFIC SENTRY SERVICES, INC., a Nevada corporation; AMERICAN SECURITY ALARMS, INC., a California corporation; and DOES 1-25 inclusive<br><br>Defendants | CASE NO. 07CC12486<br><br>COMPLAINT FOR:<br><br>1. BREACH OF ORAL CONTRACT<br>2. BRACH OF WRITTEN CONTRACT<br>3. FRAUD & INTENTIONAL DECEIT<br>4. NEGLIGENT MISREPRESENTATION<br>5. MONEY LENT<br>6. MONEY HAD AND RECEIVED<br><br>Amount Demanded Exceeds $25,000.<br><br>JUDGE FRANZ E. MILLER<br>DEPT. C4 |

PLAINTIFF Donald C. Spence (hereinafter "PLAINTIFF") alleges and pleads as follows:

I.

GENERAL ALLEGATIONS

PARTIES

1. PLAINTIFF Donald C. Spence is, and at all relevant times mentioned in this complaint, was a resident of Orange County, California.

2. PLAINTIFF is informed and believes, and upon such information and belief alleges, that Defendant, Shaun J. Carpenter ("CARPENTER") is, and at all relevant times mentioned in

-1-
COMPLAINT

this complaint, was a resident of Orange County, California.

3. PLAINTIFF is informed and believes, and upon such information and belief alleges, that Defendant, Mitchell L. Shiffman ("SHIFFMAN") is, and at all relevant times mentioned in this complaint, was a resident of Orange County, California.

4. PLAINTIFF is informed and believes and thereon alleges, that at all times herein mentioned, Defendant Pacific Sentry Services, Inc., was a Nevada corporation (hereinafter "PSS").

5. PLAINTIFF is informed and believes and thereon alleges, that at all times herein mentioned, Defendant American Security Alarms, Inc., was a California corporation (hereinafter "ASA").

6. The true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, whether individual, corporate, associate or otherwise, are unknown to PLAINTIFF, who therefore sues said Defendants by such fictitious names under California Code of Civil Procedure ("CCP") section 474. PLAINTIFF will amend their Complaint to show the true names and capacities of said defendants when the same has been ascertained.

7. PLAINTIFF is informed and believes and thereon alleges, that upon the completion of PLAINTIFF's discovery the available evidence will show, that at all times herein mentioned, Defendant Carpenter, was the agent, representative, servant, employee, general partner, joint venturer and/or the *alter ego* of Defendant Pacific Sentry Services, Inc.. and was acting within the course and scope of such agency, representation, employment or business relationship at all times herein mentioned and that the actions and/or omissions to act of each such defendant alleged herein, were known to and ratified by, each and every other remaining Defendant.

8. PLAINTIFF is informed and believes and thereon alleges, that upon the completion of PLAINTIFF's discovery the available evidence will show, that at all times herein mentioned, Defendant Carpenter inadequately capitalized Defendant PSS, commingled his own funds with the funds of PSS, failed to keep adequate books and records and generally failed to observe the legal requirements necessary to legitimately maintain PSS as a

legitimate corporation and separate legal entity, thus creating a unity of interest and ownership between Defendant PSS and Defendant Carpenter, such that any individuality or separateness between them ceased to exist, rendering each defendant the *alter ego* of the other.

9. PLAINTIFF is informed and believes and thereon alleges, that upon the completion of PLAINTIFF's discovery the available evidence will show, that at all times herein mentioned, adherence to the fiction of the separate legal existence of PSS and Carpenter, as separate legal entities distinct from each other, would permit an abuse of the California law vis-à-vis the use of corporations as set forth under the California Corporations Code and would sanction fraud and promote injustice.

10. PLAINTIFF is informed and believes and thereon alleges, that upon the completion of PLAINTIFF's discovery the available evidence will show, that at all times herein mentioned, Defendant PSS transferred all assets to AAR but did not pay the debts and obligations of PSS.

11. PLAINTIFF is informed and believes and thereon alleges, that upon the completion of PLAINTIFF's discovery the available evidence will show, that at all times herein mentioned, Defendant AAR continues in the same business and has practically the same officers, directors and shareholders as PSS.

12. Whenever appearing in this Complaint, each and every reference to Defendant, or to any of them, is intended to be and shall be a reference to all Defendants, and to each of them, named and unnamed, including all fictitiously named Defendants.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over the causes of action that PLAINTIFF alleges in this Complaint because PLAINTIFF seeks damages, exclusive of attorneys' fees, expenses and costs, in an amount greater than US $25,000.00.

-3-
COMPLAINT

14. Jurisdiction and venue for this case are proper and appropriate for this Court because: (1) Defendants CARPENTER, PSS and ASA conducted and continue to conduct business in Orange County, California.

15. This Court has personal jurisdiction over Defendant CARPENTER and SHIFFMAN because they are domiciled in Orange County.

## II.

## BACKGROUND FACTS

16. On or about May 1, 2003, Pacific Sentry Services, Inc., ("PSS") was formed as a Nevada corporation and CARPENTER was listed as President, Secretary and Treasurer.

17. PLAINTIFF is informed and believes and thereon alleges, that on or about June 6, 2003, PSS registered as a foreign corporation in California.

18. In July 2003, PLAINTIFF met with Defendant CARPENTER and SHIFFMAN and discussed forming a partnership for a security services business.

19. In August 2003, PLAINTIFF and CARPENTER and SHIFFMAN met at the Biggs Law Corporation in Upland California with attorney Corey J. Biggs for the purpose of forming a partnership and with the intent to start a security alarm dealership selling and installing alarm systems.

20. On about September 9, 2003, PLAINTIFF gave CARPENTER a personal check, payable to CARPENTER, in the amount of $24,000.00 to purchase stock in PSS. A true and correct copy of the front and back of Check No. 1601 is attached hereto as **Exhibit "A"** and incorporated herein by reference.

21. Defendant CARPENTER instructed PLAINTIFF to make personal check payable to Defendant CARPENTER for the purchase of the PSS stock.

22. On about September 9, 2003, PLAINTIFF received Stock Certificate Number 3 evidencing 12,000 shares of stock in PSS. A true and correct copy of the Stock Certificate Number 3 is attached hereto as **Exhibit "B"** and incorporated herein by reference.

23. PLAINTIFF is informed and believes and thereon alleges, that Defendant MITCHELL invested $50,000 in PSS and received stock in PSS.

-4-
COMPLAINT

24. PLAINTIFF is informed and believes and thereon alleges, that Defendant CARPENTER received shares of stock in PSS.
25. On or about December 3 and December 5, 2003, PLAINTIFF loaned Defendants $44,000.00 at 12% interest collateralized by shares of stock in PSS. A true and correct copy of the front and back of check nos. 1696 and 1701 are attached hereto as **Exhibit "C"** and incorporated herein by reference.
26. Defendant Carpenter memorialized the terms of the loan on a legal pad in PSS office and retained said document.
27. PLAINTIFF is informed and believes and thereon alleges that on or about December 5, 2003, American Security Alarms, Inc. ("ASA") was incorporated in California and Defendants CARPENTER AND SHIFFMAN were appointed officers and directors of ASA.
28. PLAINTIFF is informed and believes and thereon alleges, that upon the completion of PLAINTIFF's discovery the available evidence will show that sometime after December 5, 2003, the $44,000 loan proceeds from PLAINTIFF to PSS were transferred to ASA.
29. In February 2004, Defendant CARPENTER represented to PLAINTIFF that PSS was going to stop selling security services under Montronics for a period of six months so that it would not compromise a dealer agreement with ADT that Defendants were attempting to secure for PSS, and as a result, would require additional funds to keep PSS operating during this time period.
30. In March 2004, Defendant CARPENTER represented to PLAINTIFF that PSS was continuing to work on securing an ADT dealer agreement and that Defendants were considering naming the new company ASA.
31. On about March 19, 2004, PLAINTIFF loaned Defendants an additional $10,000.00 for the purpose of providing operating funds for PSS. A true and correct copy of the front and back of Check No. 1759 is attached hereto as **Exhibit "D"** and incorporated herein by reference.

-5-
COMPLAINT

32. On about March 22, 2004, PLAINTIFF loaned Defendants an additional $5,000.00 for the purpose of providing operating funds for PSS. A true and correct copy of the front and back of Check No. 1762 is attached hereto as **Exhibit "E"** and incorporated herein by reference.

33. On about March 24, 2004, PLAINTIFF loaned Defendants an additional $5,000.00 for the purpose of providing operating funds for PSS. A true and correct copy of the front and back of Check No. 1768 is attached hereto as **Exhibit "F"** and incorporated herein by reference.

34. On about April 9, 2004, PLAINTIFF loaned Defendants an additional (MISSING AMOUNT) for the purpose of providing operating funds for PSS. A true and correct copy of the front and back of Check No. 1786 is attached hereto as **Exhibit "G"** and incorporated herein by reference.

35. On about April 14, 2004, PLAINTIFF loaned Defendants an additional $10,000.00 for the purpose of providing operating funds for PSS. A true and correct copy of the front and back of Check No. 1803 is attached hereto as **Exhibit "H"** and incorporated herein by reference.

36. On about April 23, 2004, PLAINTIFF loaned Defendants an additional $5,000.00 for the purpose of providing operating funds for PSS. A true and correct copy of the front and back of Check No. 1822 is attached hereto as **Exhibit "I"** and incorporated herein by reference.

37. On about April 24, 2004, PLAINTIFF loaned Defendants an additional $15,000.00 for the purpose of providing operating funds for PSS. A true and correct copy of the front and back of Check No. 1826 is attached hereto as **Exhibit "J"** and incorporated herein by reference.

38. On about May 5, 2004, PLAINTIFF loaned Defendants an additional $15,000.00 for the purpose of providing operating funds for PSS. A true and correct copy of the front and

COMPLAINT

back of Check No. 1831 is attached hereto as **Exhibit "K"** and incorporated herein by reference.

39. On about May 13, 2004, PLAINTIFF loaned Defendants an additional $6,000.00 for the purpose of providing operating funds for PSS. A true and correct copy of the front and back of Check No. 1844 is attached hereto as **Exhibit "L"** and incorporated herein by reference.

40. In May 2004, Defendant CARPENTER represented to PLAINTIFF that PSS had obtained the ADT dealer agreement and was opening the new company ASA.

41. In May 2004, Defendant CARPENTER represented to PLAINTIFF that he was meeting with accountants to have PSS either own ASA outright or to exchange PSS shares of stock in equal shares of stock of ASA.

42. On or about May 18, 2004, PSS issued 24,500 shares of PSS stock to PLAINTIFF at which time Defendant CARPENTER represented to PLAINTIFF that PLAINTIFF now held a majority interest in PSS. A true and correct copy of the Stock Certificate Number 6 is attached hereto as **Exhibit "M"** and incorporated herein by reference.

43. On about May 20, 2004, PLAINTIFF loaned Defendants an additional $14,000.00 for the purpose of providing operating funds for PSS. A true and correct copy of the front and back of Check No. 1871 is attached hereto as **Exhibit "N"** and incorporated herein by reference.

44. On about May 27, 2004, PLAINTIFF loaned Defendants an additional $11,000.00 for providing operating funds for PSS. A true and correct copy of the front and back of Check No. 1872 is attached hereto as **Exhibit "O"** and incorporated herein by reference.

45. On about June 4, 2004, PLAINTIFF loaned Defendants an additional $15,000.00 for the purpose of providing operating funds for PSS. A true and correct copy of the front and back of Check No. 1876 is attached hereto as **Exhibit "P"** and incorporated herein by reference.

///

SALISBURY LAW GROUP
1600 DOVE STREET, NEWPORT BEACH, CALIFORNIA 92660
Phone: 949.251.4600 | Fax: 949.251.4604

46. On or about June 1, 2005 PSS corporate status was revoked in Nevada.

47. On or about July 1, 2005, PLAINTIFF received a 2004 K-1 from PSS. A true and correct copy of the 2004 K-1 is attached hereto as **Exhibit "Q"** and incorporated herein by reference.

48. On or about March 1, 2006, Defendant CARPENTER paid PLAINTIFF $2,000.00 towards the loans made to PSS. A true and correct copy of the front and back of Check No. 2763 is attached hereto as **Exhibit "R"** and incorporated herein by reference.

49. On or about March 8, 2006, ASA registered to do business in Florida and CARPENTER was listed as Director, Treasurer and Secretary.

50. On or about April 1, 2006 and continuing each month through July 1, 2007, Defendant CARPENTER paid PLAINTIFF $2,000.00 each month for a total of $30,000.00 toward the loans made to PSS by PLAINTIFF. A true and correct copy of the front and back of the fourteen (14) checks totaling $30,000.00 are attached hereto as **Exhibit "S"** and incorporated herein by reference.

51. PLAINTIFF is informed and believes and thereon alleges, that upon the completion of PLAINTIFF's discovery the available evidence will show that Defendants transferred all the assets of PSS to ASA but did not pay the debts or obligations of PSS.

52. PLAINTIFF is informed and believes and thereon alleges, that upon the completion of PLAINTIFF's discovery the available evidence will show that all the loans proceeds from loans made by PLAINTIFF were transferred to ASA from CARPENTER or PSS.

53. PLAINTIFF is informed and believes and thereon alleges, that upon the completion of PLAINTIFF's discovery the available evidence will show that Defendants did not transfer PLAINTIFF's shares of PSS stock into equal shares of ASA stock.

54. PLAINTIFF is informed and believes and thereon alleges, that upon the completion of PLAINTIFF's discovery the available evidence will show that PSS did not acquire ASA.

//

-8-
**COMPLAINT**

## III.

## FIRST CAUSE OF ACTION

## FOR BREACH OF ORAL CONTRACT

55. PLAINTIFF realleges and incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 54, inclusive, above.

56. PLAINTIFF preformed all obligations under the contract by loaning Defendants operating funds to PSS.

57. Defendants have breached the oral contract by failing to repay the loan to PLAINTIFF.

58. Defendants' failure and refusal to perform its obligations under the oral contract has directly damaged PLAINTIFF in the amount of $130,000.00 plus accrued interest.

## IV.

## SECOND CAUSE OF ACTION

## FOR BREACH OF WRITTEN CONTRACT

59. PLAINTIFF realleges and incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 54, inclusive, above.

60. PLAINTIFF preformed all obligations under the written contract by loaning Defendants operating funds to PSS.

61. Defendants have breached the written contract by failing to repay the loan to PLAINTIFF.

62. Defendants' failure and refusal to perform its obligations under the written contract has directly damaged PLAINTIFF in the amount of $130,000.00 plus accrued interest.

///
///
///
///
///
///

COMPLAINT

# V.

## THIRD CAUSE OF ACTION

## FOR FRAUD AND INTENTIONAL DECEIT

63. PLAINTIFF realleges and incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 54, inclusive, set forth above.

64. Defendant CARPENTER, on behalf of Defendants represented to PLAINTIFF in December 2003 that PSS needed operating funds and PLAINTIFF's loan would be collateralized by PSS Stock.

65. Defendant CARPENTER, on behalf of Defendants represented to PLAINTIFF in February and March of 2004 that PSS was in the process of negotiating a dealer agreement with ADT Security Services and required operating funds to continue operating PSS until the ADT agreement was secured at which time ASA would be formed.

66. Defendant CARPENTER, on behalf of Defendants represented to PLAINTIFF that PSS would either acquire ASA or that the outstanding shares of PSS stock would be exchanged for equal shares of stock in ASA.

67. The representations made by Defendants were in fact false.

68. The true facts were that ASA had been formed several months prior to CARPENTER's representation to PLAINTIFF; the loan proceeds were used for ASA not PSS; and PSS neither acquired ASA nor were PLAINTIFF's majority shares of PSS exchanged for a majority interest in ASA.

69. Defendants intended to induce PLAINTIFF into providing additional funds by giving stock shares in PSS, which Defendants never intended to continue business through PSS.

70. As a proximate result of CARPENTER's fraudulent representations, PLAINTIFF has suffered damages in an amount according to proof at the time of trial entitling PLAINTIFF to recover punitive damages as well as general and compensatory damages.

///

## VI.
## FOURTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

71. PLAINTIFF realleges and incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 54, inclusive, above.

72. On or about December 3, 2003, and continuing thereafter, Defendants promised to: (1) pay back loans from PLAINTIFF in the amount of $160,000.00 which were provided to PSS to continue operations while Defendants secured a dealer agreement with ADT; and (2) PSS would acquire ASA or PSS stock would be exchanged for equal shares of ASA stock.

73. Contrary to Defendants express representations, promises and covenants, Defendants had no reasonable grounds to believe that PSS had the then present capability to repay the loans of $160,000.00 by selling Monotronics security systems when PSS was negotiating an ADT dealer contract and had stopped selling Monotronics security systems in order to prevent a compromise with the ADT contract.

74. Defendants knew or should have known that their representations to the PLAINTIFFs were false and/or that they had no reasonable grounds to believe the above representations were true.

75. As a proximate result of Defendants' negligent misrepresentation, PLAINTIFFs have been damaged in an amount according to proof at the time of trial.

## VII.
## FIFTH CAUSE OF ACTION
## FOR MONEY LENT

76. PLAINTIFF realleges and incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 54, inclusive, set forth above.

77. Defendants became indebted to PLAINTIFF for money in the principal amount of $160,000.00 lent to CARPENTER.

-11-
COMPLAINT

78. PLAINTIFF has demanded that CARPENTER pay to PLAINTIFF the money by which he has been unjustly enriched, but CARPENTER has only paid back $30,000.00 and refuses, and continues to refuse, to pay PLAINTIFF the balance of $130,000.00 toward this amount.

79. As a proximate result of the money, CARPENTER had for its use and benefit, PLAINTIFF has suffered damages in the principal amount of $130,000.00, plus interest, loss of use of the funds, costs and expenses incurred in pursing recovery of the money.

## VIII.
## SIXTH CAUSE OF ACTION
## FOR MONEY HAD AND RECEIVED

80. PLAINTIFF realleges and incorporates by reference as if fully set forth herein, the allegations contained in paragraphs 1 through 54, inclusive, set forth above.

81. Defendants became indebted to PLAINTIFF for money in the principal amount of $184,000.00 that CARPENTER had and received from PLAINTIFF for the use and benefit of Defendants.

82. PLAINTIFF has demanded that CARPENTER pay to PLAINTIFF the money by which they have been unjustly enriched, but CARPENTER after having paid $30,000.00 has failed and refused, and continues to fail and refuse, to pay PLAINTIFF the balance of $130,000.00.

83. As a proximate result of the money, CARPENTER had for his use and benefit, PLAINTIFF has suffered damages in the principal amount of $130,000.00 plus interest, loss of use of the money and costs and expenses of pursing recovery.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against the Defendants, and each of them, as follows:

1. Compensatory damages in the amount of $154,000.00;
2. Consequential damages according to proof;
3. Punitive damages where allowed;
4. Interest at the legal rate; and

-12-
COMPLAINT

5. For other relief as the court may deem just and proper.

SALISBURY LAW GROUP

Dated: November 29, 2007

By: /s/ Lisa G. Salisbury
Lisa G. Salisbury
Attorneys for PLAINTIFF Donald C. Spence

FORM B104 (08/07)  2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Donald C. Spence | DEFENDANTS<br>Mitchell Leonard Shiffman |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Lisa G. Salisbury, Esq., Salisbury Law Group, a Professional Law Corporation, 1600 Dove Street, Suite 107, Newport Beach, CA 92660, 949-251-4600 | ATTORNEYS (If Known)<br>Andrew S. Bisom, Esq., Law Offices of Andrew S. Bisom, 695 Town Center Drive, Ste. 700, Costa Mesa, CA 92626, 714-384-6440 |
| PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Plaintiff brought suit against Defendant in Orange County Superior Court on November 30, 2007, for the following: 1) Breach of Oral Contract; 2) Breach of Written Contract; 3) Fraud and Intentional Deceit; 4) Negligent Misrepresentation; 5) Money Lent; and 6) Money had a received.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

RECEIVED OCT - 9 2009

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 154,000.00 |

**Other Relief Sought**
Consequential Damages, Punitive Damages where allowed, interest at the legal rate and other relief the Court may deem just and proper.

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Mitchell Leonard Shiffman | 8:09-bk-16590-ES |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District | Santa Ana | Erithe A. Smith |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| Donald C. Spence | Shaun Jason Carpenter | 6:09-ap-01383BB |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District | Riverside | Sheri Bluebond |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

*[signature]*

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 10/8/09 | Lisa G. Salisbury, Esq. |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.